LORIN P. WALDO *vs.* OTIS PECK.

Where an agent authorized to sell lands and receive payment therefor accor-
ding to his discretion, upon a sale thereof takes a note and morgage in his
own name, upon which he receives a horse in payment, the horse immediately
becomes the property of the principal.

In such case in an action of trover by the principal for the horse taken by an
officer as the property of the agent, he is a competent witness for the prin-
cipal.

This was an action of a trover for a horse. Plea, not guilty;
which issue by agreement of parties, was joined to the court. On
the trial of this cause, the plaintiff, in order to support the issue on
his part, proved that long previous to the conversion of the horse,
claimed he owned lands in Fayston in the county of Washington,
and that one Charles Robinson, Esq. had a general power of attor-
ney from him, to bargain, sell, and convey said lands and receive
payment therefor as plaintiff's agent and attorney, which power of
attorney was duly recorded on the town records of said Fayston.

That said Robinson received a mortgage executed to him by one
Marquis Carpenter of a lot of land owned by the plaintiff, to secure
the payment of the purchase money of the same, which lot had
been previously sold and conveyed by said Robinson by virtue of
said power of attorney, and in the name of the plaintiff. Said notes
were made payable to said Robinson for convenience of payment,
as stated by Robinson in his deposition which is made a part of
this case, the plaintiff being a native of Connecticut.

All the evidence as to the reason of said notes being made pay-
able to Robinson aforesaid, *consisted* in *said* Robinson's deposition.
That the plaintiff had authorized the said Robinson to sell said
lands or a·part thereof, for a horse or horses, or receive a horse or
horses on debts then due, and that said Robinson received the
horse in question on one of the notes executed to him by said
Marquis Carpenter as above stated.

The defendant in support of the issue on his part, gave evidence
tending to show that he being constable of the town of Barre, by
virtue of a writ of attachment in favor of Alvan Carter, Esq. against
said Robinson, he attached said horse as Robinson's property,
and sold him on the execution previous to the commencement of
this suit; which writ of attachment was issued on a note given by
Robinson to Carter. That said Robinson called said horse his
property, and offered to sell it; but no evidence was given tending
to show that the plaintiff had any notice of the sayings and offers
of sale made by Robinson. The defendant also offered evidence

tending to show that at the time said Robinson received said horse on said note as aforesaid, he observed that if the horse suited him he should keep him for his own use, and of this also it was not shown that the plaintiff had any knowledge.

The defendant then contended that the law arising upon the aforesaid facts, would not authorize a recovery for the plaintiff in this suit; and the court decided that the law arising on the aforesaid facts was against the plaintiff, and that for that reason he could not recover; and judgment was rendered for the defendant. To which decision of the court the plaintiff excepted.

Exceptions allowed, and the cause passed to the supreme court for revision.

The following is the deposition of Robinson :

"I, Charles Robinson depose and say, that for a number of years past I have been the agent and attorney of Loren P. Waldo, Esq. of Tolland, in Tolland county, Connecticut. That I had the agency and care of said Waldo's lands in Fayston, in said Washington county, with orders and directions from said Waldo to sell and dispose of said lands in whole or in part, for such price and such pay as I thought proper. Mr. Waldo had directed if I could, to take a horse or horses in payment for said land, or in payment for debts due for land I had sold. When I sold land for him I generally took the notes in my own name, which I did for the convenience of collection, and when payable in specific property that it might be delivered to my house in Barre. About the middle of February 1832, I received from one McCauly in part payment of land by me sold, and for said Waldo, a certain grey five year old gelding horse. When I purchased said horse it was my intention to have recruited him up and then have sent him to Mr. Waldo, or have turned said horse and accounted with Mr Waldo for the avails of said horse. I never owned said horse or had any interest in him except as above stated, as agent for said Waldo. I may have called said horse mine; I frequently called the land and other property belonging to said Waldo mine, when I had not any interest only as agent. Said horse is the same horse Otis Peck attached in favor of Alvan Carter (vs.) me, and further the deponent saith not.                    CHARLES ROBINSON."

*Smith and Peck for Plaintiff,*—Robinson was the agent of the plaintiff, and received the horse in question in part payment of land owned by him and sold by his agent. In such case the principle is, as established by the whole current of authority, that the owner is entitled to recover whenever he can trace his own property or its proceeds, as distinguished from the factors; and it makes no difference that the note is taken in the agent's name.—*Thompson*

WASHINGTON,
March,
1835.

Waldo
vs.
Peck.

vs. *Perkins et al.* 3 Mason, 232.—*Price* vs. *Ralston*, 2 Dall. 60. *Scott* vs. *Surman*, Willes Rep. 400.—*George* vs. *Claggett*, 7 T. R. 359.—*Taylor* vs. *Plumer*, 3 M. and S. 562.—*Whitcomb* vs. *Jacob*, 1 Salk, 160, and also note. *Titcomb et al.* vs. *Seaver & Trustee*, 3 Greenleaf, 542.—*Dension* vs. *Pickens et al.* 2 Pick. 86.—*Chesterfield, Man. Comp* vs. *Dihon et al.* 5 Pick. 7.—2 Kent's Com. 486.—Livermore on agency, 267, ch. 7. The defendant can stand in no better situation than his agent, as whose property the horse was taken. *Robinson's* declarations that if the horse suited him he should keep him for his own use, does not difference the case, as the plaintiff had no knowledge of this. When the horse was delivered to Robinson he became the property of the plaintiff, and the defendant having refused to deliver him when demanded, must pay his value.

*Mr. Kinsman for defendant.*—1. The defendant contends that Charles Robinson's deposition to prove the facts set forth in the bill of exception, was inadmissible.

2. That the note taken payable to Robinson, and the deed taken to secure the payment of said note to Robinson, without any reference to any agency, made him liable to Waldo for the amount. Therefore Robinson was interested in the event of the suit.

If the plaintiff fails to recover in this action, Robinson would be liable over to the plaintiff. The principle of law is, that when the agent acts without disclosing the name of his principal, or where there is no responsible principal, or where the agent transacts the business in his own name, or exceeds his authority, he becomes personally liable. It is therefore believed that the situation of the agent in this case, and the manner in which the business was transacted by him, makes him interested in the event of the suit.

3. The defendant contends that the county court did not err in deciding that from the facts disclosed on trial, the plaintiff could not recover of the defendant, inasmuch as the note on which said horse was received in part payment of the same, was taken and made payable to Robinson, and as was also the deed taken to secure the payment of said note. Robinson held out to the world and treated the property as his own; he therefore became personally liable to pay the plaintiff the value of the horse, and discharged all liability which the debtor was under to the plaintiff. The property of the horse rested in the agent, and was subject to be attached by his creditors. Robinson by using the property in this way was holding out to the world an inducement to give him a credit. Besides

it was kept by Robinson a long time and used as his own.    Again,
the plaintiff in making Robinson his agent to sell the land, by the
nature of that agency, was to look to Robinson personally for the
avails.

The agent, by taking the note payable to himself, vested the
property of the note in himself, and placed the note beyond the
control of the principal.    When the agent transacts the business in
his own name, there is no contract existing and no debt created
between the principal and buyer.—7 Mass. 319.—3 Mass, 403.
If I am right in this position, the title of this horse at the time of
the sale from Carpenter to Robinson rested in Robinson and not
Waldo.

We contend further if the plaintiff had given notice to Carpen-
ter not to pay the note to Robinson, and Carpenter without any
regard to such notice, should pay the note to Robinson, that the
plaintiff could have no remedy against Carpenter, and suppose
after such notice by plaintiff to Carpenter, Robinson sued Carpen-
ter on the note, could Carpenter settle with any other person and
pay said note with safety except to Robinson?

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This was an action of trover for a horse
taken by the defendant as the property of Charles Robinson.    The
question is, whether it was the property of Robinson or plaintiff.
Robinson was properly admitted as a witness on the part of the
plaintiff.    If he had any interest in the suit, it was for the defend-
ant.    It appears that the plaintiff, by his agent, sold land and took
notes in the name of the agent, for convenience of the debtors in
making payment; and probably to enable him, without any special
power, to discharge any mortgages taken on the sale.    Robinson
was only trustee for the plaintiff, and had no interest in the notes.
The plaintiff could, at any time, have taken them from him; after
which, Carpenter, the debtor, would not have been protected in
making payment to him.    He could not have availed himself of
offsets against Robinson, if he knew that he was only trustee or
agent for plaintiff.    Where the notes were made payable in specific
articles, or where such articles were received in payment of any
notes thus taken, the articles received immediately became the
property of the principal, and not of the agent.    It is of no conse-
quence what were the intentions of the agent as to purchasing the
horse.    Unless plaintiff assented it could not affect him in any
wise, and the plaintiff at any time could have taken the horse from

WASHINGTON,
March,
1835.

Waldo
vs.
Peck.

Robinson. In short, unless some act was done by the plaintiff, some consent from him, either express or implied, to transfer this horse to Robinson, he could not have been divested of his property therein. He could not be effected by any representations of Robinson, or even by any offers of Robinson to sell unless they were made with his consent, and no such consent is here found. If it was within the limits of Robinson's power or agency, to make sale or exchange of the horse for other property, he might have transferred a good title to any one to whom he might sell, and still would not have been the owner, nor would the horse have been liable to be taken for his debt. The only circumstance from which a jury would have been at liberty to infer any property in Robinson (and this is very slight) would be from the lapse of time after he received it before it was taken, (although the case does not state when it was taken.) But this would be very slight evidence from which a jury could infer that the plaintiff had ever parted with the property which he originally had in the horse, when the same was taken in payment of a debt due to him.

We are satisfied in this case that the property was in the plaintiff, and from the facts which were in evidence the judgment should have been for him.

Judgment of the county court must therefore be reversed, and a new trial granted.